873 F.2d 408
 277 U.S.App.D.C. 195
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Dianna DUNN, Appellant
v.
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY.
 No. 88-7031.
 United States Court of Appeals, District of Columbia Circuit.
 May 8, 1989.
 
 Before WALD, Chief Judge, and RUTH B. GINSBURG and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. We are satisfied, after full review of the case, that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 14(c). As indicated in the attached memorandum, we find that trial counsel for defendant-appellee WMATA, at two points, came perilously close to the line separating harmless from reversible error. Nonetheless, we conclude that the line was not crossed and that judgment was properly entered by the trial court on the jury's verdict. It is therefore
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 4
 In two respects, defendant-appellee WMATA's conduct of the trial attracted our grave concern. First, the witness Napoleon Jones was proffered as an expert without due notice to plaintiff-appellant Dunn. However, Dunn never sought a continuance to locate and introduce evidence contradicting Jones's testimony or to prepare for her cross-examination of Jones. Nor did she avail herself of the opportunity to cross-examine Jones searchingly on the particular facts she alleged in this case. We therefore decline to upset the judgment entered on the jury's verdict on this account.
 
 
 5
 Second, and most troublesome, WMATA's trial counsel inquired whether Dunn's medical expert "would be surprised to learn that Ms. Dunn had not missed a day from work after the initial accident until she hurt her back lifting mail." Supplemental Appendix 98-99. In response to the trial court's question, WMATA's counsel affirmed that he had the records to back up his twice-stated "she had not missed a day at work" declaration. Id. In truth, the records demonstrated that Dunn had missed several work days during the months at issue. But Dunn never moved to strike the offending line of questions once the trial record was set straight, nor did she ever ask the trial judge to clarify the matter for the jury in a curative instruction on the work days Dunn missed. Again, under the circumstances, while we deplore counsel's disregard of recorded facts he knew or should have known, reversal is not warranted. See Fed.R.Civ.P. 51, 61.
 
 
 6
 The numerous other challenges Dunn raised do not merit enumeration. Neither singly nor in combination, we are satisfied, do they justify a new trial by appellate court command.